IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2017

**PHILLIP M. MULLINS v. CHERRY LINDAMOOD, WARDEN**

**Appeal from the Circuit Court for Wayne County**
**No. 15943    Robert L. Jones, Judge**

_____

**No. M2017-00139-CCA-R3-HC**

_____

The Petitioner, Phillip M. Mullins, appeals the Wayne County Circuit Court's summary dismissal of his petition for a writ of habeas corpus from his 2001 convictions and his effective sentence of life without the possibility of parole plus twenty-five years. He contends that his convictions violate double jeopardy principles on several grounds. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Phillip M. Mullins, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 19, 2001, the Petitioner was convicted of first degree felony murder, second degree murder, especially aggravated robbery, and especially aggravated burglary. The murder convictions were merged, and the Petitioner received a life sentence without the possibility of parole. The Petitioner also received concurrent sentences of twenty-five years for the especially aggravated robbery conviction and twelve years for the especially aggravated burglary conviction, which were to be served consecutively to the life sentence. The Petitioner's convictions were affirmed on appeal. *See State v. Phillip M. Mullins*, No. M2002-02977-CCA-R3-CD, 2003 WL 23021402 (Tenn. Crim. App. Dec. 29, 2003), *perm. app. denied* (Tenn. Jun. 1, 2004). He filed a petition for post-conviction relief, alleging the ineffective assistance of counsel and several other claims. The post-conviction court denied the petition, and this court

affirmed. *See Phillip M. Mullins v. State*, No. M2008-00332-CCA-R3-PC, 2008 WL 5272573 (Tenn. Crim. App. Dec. 19, 2008), *perm. app. denied* (Tenn. Apr. 27, 2009). On October 17, 2016, the Petitioner filed a pro se petition for a writ of habeas corpus, alleging that the indictments were defective because (1) Count 1, felony murder, named aggravated burglary as the underlying felony, for which the Petitioner was not indicted, (2) Count 4, especially aggravated burglary, failed to allege a mental state and alleged that a robbery occurred, not a theft, and (3) Count 4 charged two separate offenses in the same count, especially aggravated burglary and robbery. The habeas corpus court summarily denied relief, concluding that the Petitioner had not alleged a cognizable claim and that the trial court had jurisdiction to sentence him. This appeal followed.

On appeal, the Petitioner does not address the issues raised in the pro se petition, but rather raises several additional issues: (1) The Petitioner's convictions violate double jeopardy because they arose from the same criminal episode; (2) Dual convictions for especially aggravated burglary and especially aggravated robbery relying upon the same injury to the victim are statutorily barred; and (3) the Petitioner's convictions in Counts 1 and 3 violate double jeopardy because "the Appellant was convicted in Counts 1 and 3 of especially aggravated burglary, since the burglary was the underlying felony" for felony murder, and only one entry of a habitation occurred.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

# I

## Issues Raised on Appeal

As the State correctly observes, the Petitioner did not raise any of the issues discussed in his appellate brief in his pro se petition. Issues may not be raised for the first time on appeal because this court may not act in contravention of the trier of fact. T.R.A.P. 36(a). In this case, the habeas court did not have the opportunity to consider the double jeopardy issues the Petitioner now raises, and we may not act in the habeas court's stead. *Id*.

In addition, we note that double jeopardy issues do not constitute cognizable claims for purposes of habeas corpus proceedings and are instead properly raised in a post-conviction petition. This court has recognized that challenges to convictions based upon constitutional violations in the conviction proceedings are issues that should, in most cases, be raised in a petition for post-conviction relief rather than in a habeas corpus petition. *See Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); *see also Fredrick B. Zonge v. State*, No. 03C01-9903-CR-00094, 1999 WL 1191542, at *1 (Tenn. Crim. App. Dec. 16, 1999) (stating "[a]lleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings"), *perm. app. denied* (Tenn. June 26, 2000). The Petitioner filed his petition for post-conviction relief, and the denial of relief was affirmed on appeal. *See* T.C.A. § 40-30-102(c) (2012) (The Post-Conviction Procedure Act "contemplates the filing of only one (1) petition for post-conviction relief. In no event, may more than one (1) petition for post-conviction relief be filed attacking a single judgment."); *see also Phillip M. Mullins*, 2008 WL 5272573. The Petitioner is not entitled to relief on this basis.

Likewise, the Petitioner's issue relative to the statutory bar against dual convictions for especially aggravated burglary and another offense is not a cognizable habeas corpus claim. An error of this nature would make a judgment voidable, as opposed to void, because the fact that both convictions were based upon the same serious bodily injury requires proof beyond the face of the judgments.[1] The Petitioner is not entitled to relief on this basis.

# II

## Issues Raised in the Petition

The Petitioner arguably addresses the claims raised in his pro se petition in a single sentence of his argument: "The Appellant asserts that the habeas corpus court erred

---

[1] We note that this issue could have been properly raised in the appeal of the Petitioner's convictions.

-3-

by denying his relief because the indictment was insufficient to confer jurisdiction upon the trial court." The State argues that, as a result, he has waived consideration of these issues. *See* Tenn. Ct. Crim. App. R. 10(b) (Issues unsupported by argument are waived.). However, we will briefly discuss the issues raised in the pro se petition in the interests of justice. T.R.A.P. 36(b).

If an indictment is "so defective as to deprive the court of jurisdiction" to sentence a defendant, including when it fails to provide constitutional notice, the defect may be raised in habeas corpus proceedings. *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). Our federal and state constitutions require a criminal defendant be provided information of "the nature and cause of the accusation." U.S. Const. amend. VI; Tenn. Const. art. I, § 9. Generally, an indictment is valid if it contains adequate information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (citing *State v. Byrd*, 820 S.W.2d 739, 741 (Tenn. 1991); *VanArsdall v. State*, 919 S.W.2d 626, 630 (Tenn. Crim. App. 1995); *State v. Smith*, 612 S.W.2d 493, 497 (Tenn. Crim. App. 1980)). Furthermore, Tennessee Code Annotated section 40-13-202 requires an indictment to "state the facts constituting the offense in ordinary and concise language . . . in a manner so as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment." T.C.A. § 40-13-202 (2014). "It is generally sufficient for the indictment to state the offense charged in the words of the statute." *State v. Majors*, 318 S.W.3d 850, 864 (Tenn. 2010) (citing *State v. Griffis*, 964 S.W.2d 577, 591 (Tenn. Crim. App. 1997)).

Relative to Count 4, especially aggravated burglary, the Petitioner's first argument is based upon a Tennessee case dealing with a burglary predicated on a theft. *See State v. Courtney Wesley*, No. W2013-00430-CCA-R3-CD, 2014 WL 217306 (Tenn. Crim. App. Jan. 17, 2014), *perm. app. denied* (Tenn. Jun. 20, 2014). Citing *Courtney Wesley*, the Petitioner mistakenly asserts that burglary requires the entry of a habitation with the intent to commit theft and that the indictment was defective because it alleged a robbery occurred, not a theft. However, Tennessee Code Annotated section 39-13-402 defines burglary as the entry of a building other than a habitation without the consent of its owner and with the intent to commit a "felony, theft, or assault." Especially aggravated burglary occurs when the person enters a habitation with the intent to commit a felony, theft, or assault, and serious bodily injury results. *See* T.C.A. § 39-13-403, -404. In this case, robbery is a felony, and therefore, the indictment was not defective. The Petitioner's argument is without merit.

The Petitioner's second argument relative to Count 4 is that he did not receive constitutional notice because no culpable mental state was alleged or that "[t]he

-4-

indictment stated robbery as the mental element." However, the indictment in Count 4 states that the Petitioner "did unlawfully and intentionally enter" the victim's residence and commit a robbery. The Petitioner's argument is without merit.

The Petitioner's third argument relative to Count 4 is that the indictment charged two offenses in the same count, especially aggravated burglary and robbery. However, the indictment references robbery as an element of especially aggravated burglary, not as a separate offense. Especially aggravated burglary required entry of a habitation with the intent to commit a felony, and in this case the enumerated felony was robbery. The Petitioner's argument is without merit.

Relative to Count 1, felony murder, the Petitioner argues that he did not receive constitutional notice because the enumerated felony was aggravated burglary, for which the Petitioner was not indicted. This court has concluded that "the felony murder statute *generally* states the requisite underlying felonies associated with its application. Necessarily included in the list of requisite felonies is any other grade of the same felony." *State v. Steven Wayne Wilson*, No. M2011-00004-CCA-R3-CD, 2012 WL 3041451, at *16 (Tenn. Crim. App. Jul. 25, 2012), *perm. app. denied* (Tenn. Dec. 13, 2012). Aggravated burglary is a lesser-included offense of especially aggravated burglary, for which the Petitioner was indicted and convicted, and therefore the State met the burden of proof for both offenses. In any event, the indictment set out the elements of the offense, specified the predicate felony, and tracked the language of the felony murder statute. *See Majors*, 318 S.W.3d at 864. The Petitioner is not entitled to relief on this basis.

Based upon the foregoing and the record as a whole, we conclude that the habeas corpus court did not err by summarily denying relief. We affirm the judgment of the habeas corpus court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE